UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Civil Action No. 25-2631 (TJK) |

### ANSWER

Defendant the Department of Justice (the "Department"), and its components, the National Security Division ("NSD"), the Executive Office for United States Attorneys ("EOUSA"), the Criminal Division, and the Office of Information Policy ("OIP"), by and through undersigned counsel, respectfully submit the following Answer to Plaintiff's Complaint filed on August 13, 2025 (ECF No. 1) in this Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") action. Defendant denies all allegations in the Complaint, including the relief sought, except when specifically admitted in this Answer. Moreover, to the extent the Complaint refers to or quotes from external documents, statutes, cases, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed as, admissions that the cited materials (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this or any other action; or (c) are admissible in this or any other action. Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation. Defendant hereby responds to the numbered paragraphs of the Complaint as follows:

**JURISDICTION AND VENUE**[1]

1.      This paragraph consists of Plaintiff's legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has jurisdiction over this matter subject to the terms, conditions, and limitations of the FOIA.

2.      This paragraph consists of Plaintiff's legal conclusion regarding venue, to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this judicial district for actions brought under the FOIA.

**PARTIES**

3.      Defendant lacks sufficient knowledge or information as to the truth of the allegations in this paragraph.

4.      Defendant admits that the Department is a federal agency subject to the FOIA and is headquartered at the cited address. The remaining allegations in this paragraph consist of legal conclusions to which no response is required.

**STATEMENT OF FACTS**

*A.      The National Security Division Request*

5.      Defendant admits that Plaintiff submitted a FOIA request, dated April 23, 2025, to NSD. Defendant respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

6.      Defendant admits that NSD sent an acknowledgment letter, dated June 23, 22025, assigning the request NSD FOIA #25-361. Defendant respectfully refers the Court to the

---

[1]      For ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

2

acknowledgment letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

7.      Defendant admits that, as of the date of the Complaint filed, NSD neither issued a determination nor released records in response to Plaintiff's FOIA request to NSD. NSD is actively conducting a search to process Plaintiff's FOIA request.

### B. The Executive Office for United States Attorneys Request

8.      Defendant admits Plaintiff submitted a FOIA request to EOUSA on June 18, 2025. Defendant respectfully refers the Court to the acknowledgment letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

9.      Defendant admits EOUSA acknowledged the FOIA request by email on June 18, 2025, and that EOUSA submitted an acknowledgment letter on June 23, 2025.

10.     EOUSA admits that, as of the date the Complaint was filed, it has not communicated further with Plaintiff regarding Plaintiff's FOIA request.

### C. The Criminal Division Request

11.     Defendant admits it received a FOIA request from Plaintiff directed to the Criminal Division on April 23, 2025.  Defendant refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

12.     Defendant admits that the Criminal Division sent an acknowledgement letter to Plaintiff on May 2, 2025.  Defendant denies the second sentence of this paragraph and avers that, in its acknowledgement letter, the Criminal Division requested clarification from Plaintiff regarding its FOIA request. Defendant refers the Court to its acknowledgement letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

3

13.     Defendant denies Plaintiff's characterization that Defendant issued a final determination in its acknowledgement letter dated May 2, 2025, and avers that the matter was not ripe for administrative appeal as no final response determination had been issued. Defendant admits that by letter dated June 3, 2025, OIP acknowledged receipt of Plaintiff's administrative appeal and assigned tracking number A-2025-01863 to the appeal. Defendant respectfully refers the Court to OIP's June 3, 2025 letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

14.     Defendant admits that, as of the date the Complaint was filed, OIP had not provided a response to Plaintiff's administrative appeal. Defendant avers that by letter dated September 16, 2025, OIP closed Plaintiff's administrative appeal given that Plaintiff's request was the subject of litigation. Defendant respectfully refers the Court to OIP's September 16, 2025 appeal response letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. Defendant further avers that avers that the Criminal Division has not received a response to its May 2, 2025 clarification request set to Plaintiff.

*D. The Office of Information Policy Request*

15.     Defendant admits that Plaintiff submitted a FOIA request, dated April 22, 2025, to OIP.  Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

16.     Defendant admits that OIP acknowledged receipt of Plaintiff's request by letter dated April 23, 2025, and assigned tracking number FOIA-2025-04154 to the request.  Defendant respectfully refers the Court to OIP's April 23, 2025 letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

4

17.    Defendant admits that OIP and Plaintiff have had no further correspondence regarding Plaintiff's request to OIP since OIP issued its April 23, 2025 acknowledgement letter.

18.    Defendant admits that as of the date of the Complaint, Defendant had not yet issued final determinations on Plaintiff's FOIA requests or informed Plaintiff of its administrative appeal rights.

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

19.    Defendant incorporates by reference their responses to all preceding paragraphs as if fully set forth herein.

20.    This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph.

21.    This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph.

22.    This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations of this paragraph.

## REQUESTED RELIEF

The remainder of the Complaint contains Plaintiff's request for relief to which no response is required.  To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

## DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation, including any defenses available

pursuant to Federal Rules of Civil Procedure 8 and 12.

## **FIRST DEFENSE**

Plaintiff is not entitled to relief to the extent the FOIA request at issue, in whole or in part, fails to reasonably describe the records sought or would be unduly burdensome to process.

## **SECOND DEFENSE**

Plaintiff is not entitled to compel the release of records exempt from disclosure under the FOIA.

## **THIRD DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under the FOIA.

## **FOURTH DEFENSE**

Plaintiff is not entitled to relief to the extent it has failed to exhaust administrative remedies under the FOIA.

## **FIFTH DEFENSE**

Plaintiff is neither eligible nor entitled to attorney's fees or costs in this matter.


Dated:  December 8, 2025                    Respectfully submitted,


                                            JEANINE FERRIS PIRRO
                                            United States Attorney


                                    By:     */s/ Tabitha Bartholomew*
                                            TABITHA BARTHOLOMEW,
                                              D.C. Bar #1044448
                                            Assistant United States Attorney
                                            601 D Street, N.W.
                                            Washington, D.C. 20530
                                            Phone: (202) 252-2529

6

Email: Tabitha.Bartholomew@usdoj.gov

*Attorneys for the United States of America*